UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORNELL MILES II, | No. 2:26-cv-77 DC AC PS |
| Plaintiff, | |
| v. | ORDER |
| CITY OF SACRAMENTO, et al., | |
| Defendants. | |

Plaintiff is proceeding in this action pro se. This matter was accordingly referred to the undersigned by E.D. Cal. 302(c)(21). Plaintiff filed a request for leave to proceed in forma pauperis ("IFP"), and has submitted the affidavit required by that statute. See 28 U.S.C. § 1915(a)(1). The motion to proceed IFP (ECF No. 2) will therefore be granted.

Upon screening the complaint, however, the undersigned finds that it fails to state a cognizable claim for relief under 42 U.S.C. §1983 against any identified defendant. The undersigned will therefore not authorize service at the time, but instead grants leave to amend the complaint. The court is also in receipt of a status report and a notice regarding discovery submitted by non-party Cedric Miles, which are addressed below.

////

////

////

1

## I. SCREENING

### A. Legal Standard

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v.

Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir.2000)) (en banc).

B.  The Complaint

The complaint names as defendants the City of Sacramento, the Sacramento Police Department ("SPD"), Police Chief Katherine Lester, and Does 1-10 (identified as "individual SWAT officers and sniper"). Id. at 2-3. Plaintiff alleges that Cleavon Miles, one of his brothers, was experiencing a mental health crisis while alone at a parking garage on September 12, 2023. ECF No. 1 at 4. Cleavon was contained and surrounded by police for four hours before dawn, during which time he posed no immediate threat to anyone. Id. Despite this, a SWAT sniper shot and killed Cleavon while the Crisis Negotiation Team was still trying to talk him down. Id. at 5. Cleavon's death caused plaintiff extreme emotional distress, mental anguish, and the permanent loss of the companionship and support of his brother. Id. at 6.

Plaintiff seeks relief under 42 U.S.C. § 1983 for violations of the Fourth Amendment (protection against unreasonable seizure and excessive force) and the right to familial association guaranteed by substantive due process. Id. at 3. He seeks compensatory and punitive damages, as well as injunctive relief reforming SPD's de-escalation training and mental health crisis protocols. Id. at 6.

C.  Analysis

1.  Overview

The complaint cannot be served at this time because the only defendant against whom a claim is stated is a Doe defendant. Without a viable claim against a defendant whose identity is known and who can be served, the case cannot proceed. Plaintiff will be given an opportunity to amend his complaint to cure the problems identified below.

2.  Elements of a Section 1983 Claim

Under 42 U.S.C. § 1983, a plaintiff may seek relief for violations of their own constitutional rights that were committed or otherwise caused by a person or persons acting "under color of law." See West v. Atkins, 487 U.S. 42, 48 (1988).

////

3

3. Alleged Constitutional Violations

a. Loss of Familial Association

Surviving family members of a person killed by police may assert a claim for violation of their own right to familial association, which is protected under the Due Process Clause. See Ochoa v. City of Mesa, 26 F.4 1050, 1056 (9th Cir. 2022). The use of deadly force violates the substantive due process rights of family members only when the officers' conduct "shocks the conscience." Id. (citation omitted). What it takes to satisfy this standard depends on whether the officers had time to deliberate their conduct. Id. Where a situation evolved in a time frame that permitted the officers to deliberate before acting, the deliberate indifference standard applies. Id. Where a situation escalated to a point that required a "snap judgment," a purpose to harm standard applies. Id.

The complaint in this case lacks sufficient factual detail to determine which test is the appropriate measure. In any case, however, the allegations—liberally construed—state a cognizable claim against the Doe sniper. According to the complaint, the sniper was the direct cause of Cleavon's death (which is plaintiff's loss) and allegedly shot to kill when there was no immediate threat and while crisis negotiators were actively trying to "talk [Cleavon] down." As explained more fully below, however, this claim does not lie against any other defendant. There are no facts demonstrating that any other defendant directly or indirectly caused Cleavon's death.

b. Fourth Amendment Excessive Force

Fourth Amendment rights against excessive force are personal rights that may not be vicariously asserted. Plumhoff v. Rickard, 572 U.S. 765, 778 (2014). The proper plaintiff in an excessive force case is therefore the person who was subjected to the force and whose own rights were thereby violated. When that person has been killed, the claim remains one for violation of the decedent's rights and may be brought by the person's estate. Longoria v. Pinal County, 873 F.3d 699, 711 (9th Cir. 2017).

The present complaint is brought by Cornell Miles II on his own behalf. The Estate of Cleavon Miles is not named as a plaintiff. Cornell may not pursue an excessive force claim on his dead brother's behalf; only the estate can do that. Moreover, even if he is the representative

4

of the estate or is Cleavon's successor-in-interest,[1] Cornell may not represent the estate in pro se. See C.E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir. 1987) (pro se party "has no authority to appear as an attorney for others than himself"); McShane v. United States, 366 F.2d 286, 288 (9th Cir. 1966) (same); Simon v. Hartford Life, Inc., 546 F.3d 661, 664-65 (9th Cir. 2008) (pro se plaintiff may not bring claims on behalf of others in a representative capacity). Because the privilege to appear pro se is personal, Cornell Miles II may represent himself without an attorney on his claim that his own rights to familial association were violated.  He may not, however, appear pro se on behalf of an entity such as an estate.  See United States v. Stepard, 876 F. Supp. 214, 215 (D. Ariz. 1994); Iannaccone v. Law, 142 F.3d 553, 559 (2nd Cir. 1998); Jones v. Corr. Med. Servs., 401 F.3d 950, 951-52 (8th Cir. 2005).

An estate's representative may appear in court only through counsel.  Accordingly, if plaintiff wishes to pursue an excessive force claim on behalf of the estate he must hire a lawyer.

### 4.   Defendants Other than Doe Sniper

#### a.   Individual Officer Defendants

Liability under § 1983 requires that a defendant's own acts or omissions caused the alleged constitutional violation.  Manlove v. County of San Diego, 759 F.Supp.3d 1057, 1064 (S.D. Cal. 2024) (quoting Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988)).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Here, only the sniper is alleged to have personally used deadly force.  The conduct of other SWAT team members cannot be construed as causes of the shooting, as plaintiff specifically alleges that the sniper fired while other officers

---

[1] The proper party to commence an action on behalf of a decedent's estate in California is the personal representative for the estate, unless there is no personal representative, in which case the proper party is the decedent's successor in interest.  Tatum v. City & County of San Francisco, 441 F.3d 1090, 1093 n.2 (9th Cir. 2006).  A "personal representative" is the executor of a will or other person appointed by the probate court to administer the probate of the estate.  Miller v. Campbell, Warburton, Fitzsimmons, Smith, Mendel & Pastore, 162 Cal. App. 4th 1331 n.2 (2008).  A "successor in interest" is the beneficiary of an estate.  Cal. Code of Civ. P. § 377.11.

5

were attempting to resolve the crisis with non-lethal means.  Accordingly, the complaint as drafted does not state a claim against any Doe defendant other than the sniper.

b.  Chief Lester

There is no vicarious liability under § 1983.  Iqbal, 556 U.S. at 676.  Accordingly, Chief Lester cannot be liable for the actions of her subordinates.  A supervisor can be individually liable only when supervisory actions caused the constitutional deprivation.  Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (a supervisor is liable for constitutional violations of subordinates only if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them).  Here there are no allegations that Chief Lester participated in or directed the alleged violations.  Accordingly, the complaint fails to state a claim against her in her individual capacity.

A state official in her official capacity is not a "person" who can be sued for damages under § 1983 at all.  Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989).  An official in her official capacity is a proper § 1983 defendant only where the office—here, the office of Chief of Police—is the office that can effectuate any injunctive relief sought by plaintiff and eventually ordered by the court.  See id., n.10.  Plaintiff does seek an injunction reforming certain policies and procedures of the Police Department, and the Chief of Police appears to be a proper defendant for purposes of such relief.  However, as the court explains next, the complaint does not adequately state a claim for municipal liability based on an unconstitutional policy or on failure to train.  Accordingly, the complaint as drafted does not state any claim against the Chief of Police in her official capacity.

c.  City of Sacramento and the Sacramento Police Department

Local governments can be sued under § 1983 when the unconstitutional action at issue "implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that [government's] officers."  Monell v. Department of Social Services of City of New York, 436 U.S. 658, 690 (1978).  Even when a practice is not captured by official policy, it may be "so permanent and well settled as to constitute a 'custom or usage' with the force of law."  Id. at 691 (quoting Adickes v. S. H. Kress & Co., 398 U.S. 144, 167–168 (1970)).

6

Here, the complaint's conclusory allegations fail support a claim under Monell.  See Gonzalez v. County of Merced, 289 F. Supp. 3d 1094, 1113 (E.D. Cal. 2017) ("Since Iqbal, courts have rejected conclusory Monell allegations that lack factual content from which one could plausibly infer Monell liability").  Plaintiff does not specifically identify any policy of the City or its Police Department that could have caused the alleged constitutional violation, nor provide facts demonstrating a customary practice of such violations.  Accordingly, the complaint fails to state a claim under Monell.

Alternatively, the failure to train employees may support municipal liability if it led to "deliberate indifference to the rights of persons with whom the [untrained employees] come into contact."  Connick v. Thompson, 563 U.S. 51, 61 (2011) (quoting City of Canton v. Harris, 489 U.S. 378, 388 (1989)).  Deliberate indifference arises only when "the need for more or different training is so obvious, and the inadequacy [is sufficiently] likely to result in the violation of constitutional rights[.]"  Goodin v. City of Glendora, 380 F. Supp.3d 970, 995 (C.D. Cal. 2019) (quoting Canton, 489 U.S. at 390).  Policymakers must therefore have been on "actual or constructive notice" of the likelihood that the violation would occur.  Goodin, 380 F. Supp. at 995.  Evidence that a single violation resulted from a single instance of following the policy or training is not enough to demonstrate deliberate indifference.  Id. at 995-996.  Plaintiff must demonstrate that the deficiency in training was "closely related to the ultimate injury."  Lee v. City of Los Angeles, 250 F.3d 668, 681 (9th Cir. 2001) (quoting Canton, 489 U.S. at 391) (emphasis original).  This means that a plaintiff's own constitutional injury would have been avoided but for this failure to train.  Lee, 250 F.3d at 681.

Here, the conclusory allegations of the complaint fail to state a failure-to-train claim under Canton and progeny.  See McFarland v. City of Clovis, 163 F. Supp. 3d 798, 806 (E.D. Cal. 2016) ("Alleging that training is 'deficient' or 'inadequate' without identifying a specific inadequacy is conclusory and does not support a plausible claim.");  see also Bini v. City of Vancouver, 218 F. Supp. 3d 1196, 1202 (W.D. Wash. 2016) (plaintiff did not adequately allege a § 1983 claim for failure to train absent facts of specific shortcomings in training); Young v. City of Visalia, 687 F. Supp. 2d 1141, 1150 (E.D. Cal. 2009) ("[W]ithout identifying the training and

7

hiring practices, how those practices were deficient, and without an identification of the obviousness of the risk involved, the Court cannot determine if a plausible claim is made for deliberately indifferent conduct."). The complaint before the court includes no specific facts showing the existence of a deficient training program—or the absence of a training program—which was (a) deliberately indifferent to the rights of community members likely to encounter police, and which (b) caused the fatal shooting of Cleavon Miles. Accordingly, plaintiff fails to state a municipal liability claim on a failure to train theory.

### 5. Conclusion

For the reasons explained above, the complaint as drafted states a single cognizable claim: violation of plaintiff Cornell Miles' right to familial association by the Doe sniper's use of lethal force against Cleavon Miles.[2] A Doe defendant, however, cannot be served. In order for this case to proceed, plaintiff must state a cognizable claim against at least one defendant whose identity is presently known and who can therefore be served.

A pro se litigant should receive leave to amend unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987). Accordingly, plaintiff will be given an opportunity to amend the complaint in an attempt to state a claim against a known defendant. He is cautioned that no claim on behalf of the Estate of Cleavon Miles can be entertained unless the amended complaint is drafted and filed by an attorney. Should plaintiff wish to proceed pro se on his own behalf only, the court now provides information related to the amendment process.

### II.  AMENDING THE COMPLAINT

If plaintiff chooses to amend the complaint, the amended complaint must not force the court and the defendants to guess at what is being alleged against whom. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming dismissal of a complaint where the district court was "literally guessing as to what facts support the legal claims being asserted against certain

---

[2] The naming of Doe defendants is disfavored in the Ninth Circuit. See Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). Nonetheless, naming Doe defendants may be appropriate where the plaintiff has stated a valid claim, but requires discovery to identify the proper defendant. See Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999).

8

defendants"). The amended complaint must not require the court to spend its time "preparing the 'short and plain statement' which Rule 8 obligated plaintiffs to submit." Id. at 1180. The amended complaint must not require the court and defendants to prepare lengthy outlines "to determine who is being sued for what." Id. at 1179.

The amended complaint must not refer to a prior pleading or separate motion to make plaintiff's amended complaint complete. Any amended complaint must be complete without reference to any prior pleading. Local Rule 220. This is because, as a general rule, an amended complaint supersedes the original complaint. See Pacific Bell Tel. Co. v. Linkline Communications, Inc., 555 U.S. 438, 456 n.4 (2009) ("[n]ormally, an amended complaint supersedes the original complaint") (citing 6 C. Wright & A. Miller, Federal Practice & Procedure § 1476, pp. 556-57 (2d ed. 1990)). Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

### III. MATTERS PRESENTED BY CEDRIC MILES

Another surviving brother of Cleavon Miles, Cedric Miles, has submitted two documents related to this case. ECF Nos. 3, 4. The first is a status report that states the intent to seek substitution in this action as the decedent's successor-in-interest. ECF No. 3. The second is a notice regarding Cedric Miles's efforts to obtain evidence from Sacramento City and County regarding the fatal shooting of Cleavon Miles. ECF No. 4. The court will not take any action based on submissions by non-parties.

Moreover, as the court has explained above in screening the complaint, the representative of an estate or a successor-in-interest to a decedent may bring an action on behalf of the decedent's estate only through an attorney. This case is presently brought by Cornell Miles II on his own behalf only. There is no claim asserting the rights of Cleavon Miles which Cedric Miles could seek to join by substitution or intervention,[3] and neither Cornell nor Cedric may bring such

---

[3] Substitution is the proper mechanism for stepping into the shoes of a party who has died after commencing a lawsuit, see Fed. R. Civ. P. 25(a), and a motion to intervene is how one joins a lawsuit as an additional plaintiff, see Fed. R. Civ. P. 24.

a claim in pro se.

## IV. PRO SE PLAINTIFF'S SUMMARY

Your request to proceed in forma pauperis is granted and the filing fee will be waived, but your complaint cannot proceed at this time for several reasons. First, as a non-attorney you may only represent yourself on claims that your own rights were violated. You may not bring claims based on violation of your brother Cleavon's rights, including his Fourth Amendment right against excessive use of force. To bring a complaint on behalf of a decedent's estate for violations of the decedent's rights, a representative or successor-in-interest must be represented by counsel. Second, the only claim that is supported by enough facts is the claim that the Doe sniper violated your right to familial association by killing Cleavon. The facts in the complaint do not show that any other defendant, including any of the other SWAT officers, caused Cleavon's death.

The Chief of Police can only be liable as an individual if she participated in or otherwise caused the shooting. The Chief could be a proper defendant in her official capacity for purposes of injunctive relief on claims for municipal liability.[4] However, you have not provided enough facts to support a claim against the City or the Police Department. If you think your brother's death was caused by a City or Department custom or policy, you need to specify what that custom or policy is and give facts showing that it exists and that it caused the shooting. If you think your brother's death was caused by a failure to properly train SWAT officers, you need to provide facts about the defective training that was provided (or what specific training was not provided) and facts that show SPD and/or the City were deliberately indifferent to the risk.

Because a Doe defendant cannot be served, you are being given 30 days to submit an amended complaint that corrects the problems identified here. An amended complaint will be screened, and service will be appropriate only if it states a claim against at least one identified defendant. If you do not submit an amended complaint by the deadline, the undersigned will recommend that the case be dismissed.

---

[4] "Official capacity" means that the Chief of Police is the defendant regardless of who holds that position.

## V.  CONCLUSION

For the reasons explained above, it is HEREBY ORDERED that:

1.  Plaintiff's request to proceed in forma pauperis (ECF No. 2) is GRANTED;

2.  Plaintiff shall have 30 days from the date of this order to file an amended complaint which complies with the instructions given above.  If plaintiff fails to timely comply with this order, the undersigned may recommend that this action be dismissed; and

3.  The Clerk of Court is directed to mail a courtesy copy of this order to Cedric Miles, 4801 Orange Grove Ave. #5, Sacramento, CA 95841.  No future submissions from non-parties shall be docketed in this case.

DATED: February 17, 2026

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

11